NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Tax Division
MELANIE SARTORIS (Cal. Bar No. 217560)
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-7280/5615/7407/0759
     Facsimile:    (213) 894-2927
     E-mail:    judith.heinz@usdoj.gov
                james.hughes2@usdoj.gov
                melanie.sartoris@usdoj.gov
                william.rollins@usdoj.gov
                khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 18-50(B)-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE NO. 1 FOR ORDER PRECLUDING CHALLENGE TO VALIDITY OF ENTITY LIST DESIGNATIONS |
| v. | |
| YI-CHI SHIH, aka "Yichi Shih," aka "Yuqi Shi," et al, | Hearing Date: April 4, 2019<br>Hearing Time: 8:30 a.m.<br>Location: Courtroom of the Hon. John A. Kronstadt |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Judith A. Heinz, James C. Hughes, Melanie Sartoris, William M. Rollins, and Khaldoun Shobaki, hereby replies to defendant Yi-Chi Shih's opposition to the government's motion in limine no. 1 for an order precluding defendant Yi-Chi Shih from challenging the validity of the Entity List designations alleged in the Second Superseding Indictment.

    This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 21, 2019        Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

/s/ *Judith A. Heinz*
_____
JUDITH A. HEINZ
JAMES C. HUGHES
MELANIE SARTORIS
WILLIAM M. ROLLINS
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Defendant Yi-Chi Shih ("defendant") disputes that the Department of Commerce, Bureau of Industry and Security ("BIS") properly placed on its Entity List four companies:

Chengdu Gastone Technology Co., Ltd. ("CGTC");

Qing'an International Trading Co., Inc. ("QTC");

China Electronics Technology Group Corporation 29 Research Institute, aka China Southwest Electronic Equipment Research Institute, aka Chengdu SIWEI Electronics Company ("CETC 29"); and

Tian Hang Yang Pu Technology Investment Ltd. Co. ("Tian Hang"). (Dkt. 329, at 1:10-11.)

Although defendant states he will not challenge the *fact* of these Entity List placements at trial, he affirmatively states throughout his opposition that he disputes the validity of the placements. (Id. at 1:17-18, 5 n.3.) Therefore, because defendant has never stated that he will not dispute the validity of the Entity List placements at trial, the issue presented in the government's motion in limine no. 1 is not, as defendant contends, moot (id. at 1), and the Court should grant the government's motion.

### II. Government's Motion in Limine #1 is Not Moot

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). The government's motion in limine #1, which seeks to preclude defendant from challenging the validity of the Entity List designations, is not moot because defendant states he disputes the *validity* of the Entity List placements -- exactly the issue presented by the government in its

motion. Defendant's contention that the case law cited in the government's motion is inapposite is equally meritless. Further, defendant's concession that he will not dispute the *fact* of the Entity List placements cannot render the issue moot here because he continues to dispute the *validity* of the Entity List placements.

Contreras v. City of Los Angeles et al., 2012 WL 12893417 (C.D. Cal. Sept. 11, 2012) upon which defendant relies, provides no support. In Contreras, the district court in a civil case denied as moot a defense motion in limine seeking to preclude plaintiff from playing a video, after plaintiff informed the district court it would not seek to play the video. Id. at *6. In contrast, here, the government is entitled to present, and intends to present, evidence that BIS placed CGTC, QTC, CETC 29, and Tian Hung on the Entity List and why it did so (introducing documents already produced in discovery). Thus, Contreras is not applicable.

Although defendant continues to dispute the validity of the Entity List placements, neither he, nor anyone else, has challenged the placements in the appropriate proceedings. As explained in the government's motion, the Entity List placement process and the Administrative Procedure Act offer defendant and his coconspirators multiple ways to challenge the validity of the placements, yet no one has. Defendant's complaints about the validity of the process should therefore be rejected.[1]

---

[1] Defendant's reference to the parties' dispute over Classified Information Procedures Act ("CIPA") procedures (Dkt. 329, at 5 n.3) is a red herring. The government has respectfully disagreed that the claim of privilege declaration under CIPA must be executed by the "head of the department." Defendant's suggestion that the Court infer from this respectful disagreement that the Entity List placements were procedurally flawed is baseless.

### III. The Government Is Entitled to Present Evidence of the Entity List Placements

The government's motion in limine #1 seeks only to preclude defendant from challenging the validity of the Entity List placements in this criminal proceeding. Defendant nevertheless repeats in his opposition some of the arguments he made in his own motion in limine #5, in which he seeks to preclude evidence of the Entity List placements. The government has addressed many of these arguments in its opposition to defendant's motion in limine #5, and here, addresses only defendant's Rule 403 argument, which he has not raised previously.

Relevant evidence is admissible unless barred by the Constitution, a federal statute, a federal rule of evidence, or other rules prescribed by the Supreme Court. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. The fact of the Entity List placements, the criteria for those placements, the consequences of those placements, and defendant's knowledge of the placements, the criteria, and the consequences, are facts "of consequence in determining the action" because they are part of the proof that defendant knowingly and willfully conspired to export items from the United States in violation of IEEPA. Evidence having any tendency to make these facts more probable than not is therefore admissible.

Defendant argues the Court should exclude this evidence because his "intention not to challenge the fact of Entity placement renders any probative value of the evidence so slight that it is outweighed

by the unfair prejudice that would result." (Dkt. 329, at 3:24-26.) A court may exclude relevant evidence only if its probative value is substantially outweighed by, among other factors, a danger of unfair prejudice. Fed. R. Evid. 403. "Unfair" prejudice under Rule 403 "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed. R. Evid. 403 Commentary. "[Rule] 403 favors admissibility," United States v. Hankey, 203 F.3d 1160, 1172 (9th Cir. 2000), and excluding evidence under Rule 403 is an "extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence." United States v. Patterson, 819 F.2d 1495, 1505 (9th Cir. 1987). See also Dkt. 338 (Gov't Opp'n Def. Mot. #6), at 1-3.

Defendant's reliance on Old Chief v. United States, 519 U.S. 172 (1997) is misplaced. In Old Chief, the Supreme Court held, explicitly limiting its holding "to cases involving proof of felon status," that "a district court abuses its discretion" when it refuses to permit a defendant to stipulate to the fact of a prior conviction "when the name or nature of the prior offense raises the risk of a verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." Id. at 174 and n.7. This case does not involve proof of felon status; thus, Old Chief does not apply here. Moreover, the Supreme Court instructed in Old Chief that "a defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." Id. at 183 and n.7. As the Supreme Court explained further:

4

> [T]he accepted rule that the prosecution is entitled to prove its case free from any defendant's option to stipulate the evidence away rests on good sense. A syllogism is not a story, and a naked proposition in a courtroom may be no match for the robust evidence that would be used to prove it.

Id. at 189. The Ninth Circuit, in United States v. Allen, 341 F.3d 870 (9th Cir. 2003), agreed, stating:

> In Old Chief, . . . . the Court made clear that in cases in which the defendant's felon status is *not* at issue, then "the prosecutor's choice [of what evidence to produce at trial] will generally survive a Rule 403 analysis when a defendant seeks to force the substitution of an admission for evidence creating a coherent narrative of his thoughts and actions in perpetrating the offense for which he is being tried."

Id. at 888 (citation omitted); see also United States v. Rojas-Pedroza, 716 F.3d 1253, 1271 (9th Cir. 2013) (citing Old Chief as "holding that as a general rule, 'the prosecution is entitled to prove its case by evidence of its own choice.'"). Therefore, to carry its burden of proving beyond a reasonable doubt that defendant knowingly and willfully conspired with others to export items from the United States to CGTC without having first obtained the required licenses from the DOC, the government is entitled to introduce its evidence to prove (1) a license from the DOC was required to export an item from the United States to CGTC; and (2) defendant acted knowingly and willfully -- that is, with knowledge that his conduct was unlawful.

## IV. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court GRANT the government's motion in limine #1 to preclude defendant from challenging at trial the validity of the placement of CGTC, QTC, CETC 29, and Tian Hang on the Entity List.